## McDONOUGH v. PACIFIC MAIL S. S. CO.

(Circuit Court of Appeals, Ninth Circuit. June 8, 1925. Rehearing Denied August 3, 1925.)

No. 4413.

Seamen ⬡17—First assistant engineer, promoted to chief engineer, held not entitled to continued compensation as chief engineer at rate at which he was first paid for serving in that capacity.

One employed as first assistant engineer on steamship at salary of "$216 per month, subject to increase in wages as promotion offers," who on being promoted to chief engineer received $305 per month on one voyage and lesser amounts thereafter on other voyages, held not entitled, on termination of employment, to recover difference between amounts actually received as chief engineer on later voyages and $305 per month from date of his first promotion.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Suit by B. McDonough against the Pacific Mail Steamship Company. Decree for defendant, and plaintiff appeals. Affirmed.

H. W. Hutton, of San Francisco, Cal., for appellant.

Farnham P. Griffiths, Jay T. Cooper, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On February 23, 1921, the appellant and the appellee entered into a written contract wherein the appellant agreed to enter the employ of the appellee as first assistant engineer on such vessels and upon such voyages to ports on the Pacific Ocean as the appellee might from time to time direct, and to perform all duties required by law and by the employment and service, for the full period of one year, "in consideration of the sum of $216.25 per month, subject to increase of wages as promotion offers," to be paid by the appellee, and to continue until returned to the port of San Francisco, after the expiration of the year, under full pay. It was further agreed that the appellant would, from time to time, execute legal shipping articles in the form and manner required by law, in addition to the written contract in question. Under this contract the appellant went to China and joined the steamship Lake Farmingdale as first assistant engineer. He served in that capacity and received the stipulated wage of $216.25 per month until July 5, 1921, when he was promoted to chief engineer. Upon promotion to chief engineer, his compensation for the first voyage was fixed at $305 per month. Thereafter he made other voyages on different vessels as chief engineer at salaries ranging from $260 per month to $220 per month, and, before the commencement of each voyage, signed shipping articles specifying the rate of wages, as required by law. Upon his return to San Francisco the appellant brought the present suit to recover the difference between the wages actually received and wages at the rate of $305 per month from the date of his first promotion as chief engineer. The court below disallowed his claim; hence this appeal.

The appellant contends that the compensation agreed upon at the time of his first promotion as chief engineer fixed his compensation for the remainder of his term of service, and that he is entitled to a decree accordingly. The written contract affords no basis for this contention. The appellee agreed to pay the appellant the sum of $216.25 per month as first assistant engineer, and it further agreed to pay an increase of wages as promotion offered. There was no agreement by the appellee to promote the appellant, there was no agreement on the part of the appellant to accept promotion, and there was no agreement as to the rate of wages after promotion, except perhaps an implied agreement to pay the going wage. There was certainly no agreement to pay anything beyond this. When the first voyage after the pro-

motion ended, the appellee was under no obligation to promote the appellant a second time. His promotion from time to time was a mere matter of private contract between the parties, and there was no element of compulsion about it. The appellant might accept the promotion on the terms offered, or he might insist upon his rights under the written contract. He chose the former course and must abide the consequences. Had wages gone up, instead of down, it would now be idle for the appellee to contend that the rights of the parties became fixed at the date of the first promotion, and the fact that wages went down, instead of up, does not change the rule.

The decree is affirmed.